CHARLES L. GRANT *vs.* ALBERT B. BRAGDON, Admr.

HARRIET S. GRANT *vs.* ALBERT B. BRAGDON, Admr.

County of York. Decided May 16, 1913. These two suits, brought by husband and wife, were tried together. Verdicts were rendered for the plaintiffs for the husband $1500 and for the wife $145.85. It was claimed in behalf of both plaintiffs that Joseph G. Swett, defendants' intestate, in 1886 agreed with Mrs. Harriet S. Grant to pay her $3.00 per week for his board, and if at his decease, he had property remaining sufficient, she should be paid therefrom enough to make the consideration $9.00 per week. He at once became her boarder and so continued until his decease May 11, 1909. At this time he had paid to her board at $3.00 per week to August 11, 1908. The verdict was substantially the amount of board from the last named date of the day of his decease with interest.

The husband's claim is for "care, labor, entertainment, accommodation, services, nursing, watching, accompaniment and horse board of intestate from July 14, 1886 to May 11, 1909, at $3.00 per week except for the last two weeks of intestate's last illness for which $21 is claimed and also for property destroyed in disinfecting house after decease of intestate, $100. Under another count he claimed remuneration upon a quantum meruit. The last payment on account was made in 1899 when deceased made payment for board of his horse at the rate of $1.00 per week. It is fairly inferable from the evidence that the deceased intestate had no horse after that date.

A careful reading of the evidence as to the character and frequency of the plaintiff's services renders it apparent that the jury must either have misapprehended the evidence or been moved by sympathy of bias in reaching its verdict. We conclude that $600 is a most liberal allowance for the services rendered. This sum and the allowance of the amount claimed for property destroyed, with interest from the day of demand until the day of verdict, would, we think, be ample compensation. A new trial will be granted in the case of Charles L. Grant unless plaintiff within thirty days remits all of the verdict in excess of $827.98.

In the case of Harriet S. Grant we find no occasion to disturb the conclusion of the jury and the motion is overruled. *E. P. Spinney,* for plaintiffs. *John C. Stewart, Cleaves, Waterhouse & Emery,* for defendants.